IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JAMES CURTIS FIELDS,            §
TDCJ-CID NO. 626058,            §
           Petitioner,            §
v.                             §            CIVIL ACTION NO. H-09-3582
                                     §
RICK THALER,                    §
           Respondent.            §

OPINION ON DISMISSAL

Petitioner James Curtis Fields, a state inmate, seeks federal habeas relief pursuant to 28 U.S.C. § 2254 from his conviction for murder.[1] (Docket Entry No.1). Respondent has filed a motion for summary judgment (Docket Entry No.13), to which petitioner has filed a response. (Docket Entry No.14). After considering the pleadings and the entire record, the Court will grant respondent's summary judgment motion.

I. BACKGROUND AND PROCEDURAL HISTORY

A grand jury in Harris County, Texas, indicted petitioner on one count of murder in cause number 619379 and two counts of aggravated assault in cause number 619235, which were enhanced by prior convictions. (Docket Entries No.9-2, page 9; No.9-6, page 1). In March 1992, petitioner entered a negotiated guilty plea to one assault charge with the State's recommendation of a twenty-five year sentence and agreement to abandon one count with an affirmative deadly weapon finding. (Docket Entry No.9-1, page 13). Petitioner also entered a negotiated guilty plea to the murder charge with the State's recommendation of forty years confinement in TDCJ-CID and an affirmative finding that petitioner used a deadly weapon.

---

[1] Although petitioner indicates that he is challenging only the murder conviction, the Court notes that he complains of state action in both the murder and assault convictions. (Docket Entry No.1).

(Docket Entry No.9-2, page 3).  All the documents executed by petitioner, his trial counsel, and the state district judge show that petitioner understood the charges against him and the terms of the prosecutor's plea agreement, and that he was competent and his plea to each offense was free, knowing, and voluntary.  (Docket Entries No.9-2, pages 3-6; No.9-5, pages 15-18).  The same documents also show that the state district judge accepted the prosecutor's recommendation of twenty-five years confinement for the assault charge and forty years confinement for the murder charge and that he informed petitioner that he would not exceed the recommended punishment.[2]  (*Id.*).  Nevertheless, the state district judge entered a judgment of guilt and sentenced petitioner to forty years confinement on both the murder charge and the aggravated assault charge, to run concurrently.  (Docket Entry No.9-5, pages 1, 3).

Petitioner did not appeal the 1992 convictions.  (Docket Entry No.1).  In state habeas application, WR-71,897-01, filed on March 20, 2009, petitioner complained that he had

---

[2] With respect to each charge, petitioner executed a Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, and Admonishments, Statements, and Waivers.  (Docket Entries No.9-2, pages 3-6; No.9-5, pages 15-18).  Petitioner indicated by his signature on the Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession that he understood the allegations and confessed that such allegations were true; he consented to the stipulation of the evidence, and noted that he was satisfied with his attorney's representation.  (Docket Entries No.9-2, page 3; No.9-5, page 15).  He indicated by his signature his intent to enter a guilty plea to the murder charge with a recommendation of forty years confinement with an affirmative deadly weapon finding.  (Docket Entry No.9-2, page 3).  He indicated his intent to enter a guilty plea to the aggravated assault charge with a recommendation of twenty-five years confinement with no affirmative finding.  (Docket Entry No.9-5, page 15).  In both documents, petitioner's attorney represented by his signature that petitioner executed the document knowingly and voluntarily after a discussion of the consequences of entering such plea; he further represented his belief that petitioner was competent to stand trial and an agreement to the prosecutor's representation.  (Docket Entries No.9-2, page 3; No.9-5, page 15).  In both documents, the state district judge indicated by his signature that petitioner had appeared before him, that he approved the plea agreement, and that petitioner entered a guilty plea to murder and aggravated assault, respectively.  (*Id.*).  The state district judge further indicated in both documents that he had admonished petitioner of the consequences of the plea and ascertained that petitioner entered the plea knowingly and voluntarily after discussing the case with counsel.  (*Id.*).  The state district judge further found in both documents that petitioner appeared to be competent and the plea free and voluntary.  (*Id.*).  In both documents, the state district judge informed petitioner that he would not exceed the agreed recommendation as to punishment.  (*Id.*).

In Statements and Waivers of Defendant, petitioner indicated that he was mentally competent, understood the nature of the charges against him, the admonishments, the plea agreement, and the consequences of his plea, and that he could read and write in English.  (Docket Entries No.9-2, pages 4-6; No.9-5, pages 16-18).  This form was signed by petitioner, the state district judge, the prosecutor, and petitioner's counsel.  (*Id.*).

2

been denied his constitutional right to appeal his aggravated assault conviction in cause number 619235 because he waived such right before the adjudication of his guilt and pronouncement of a forty-year sentence, which did not comport with the terms of the negotiated plea agreement. (Docket Entry No.9-4, page 5).   Petitioner complained that he had tendered to the state district court and to trial counsel that he was actually innocent; he further complained that the state district court did not have jurisdiction due to fatally defective filing procedures with respect to the indictment, and that he had received ineffective assistance of counsel.  (*Id.*).

On April 7, 2009, the state district court granted the State's motion for a judgment *nunc pro tunc* and ordered the Clerk to prepare a corrected judgment to reflect the plea agreement on the aggravated assault conviction.  (Docket Entry No.9-5, page 7).  Thereafter, the 248th Criminal District Court entered a corrected Judgment of Conviction by Court—Waiver of Jury Trial, setting punishment in the aggravated assault conviction at twenty-five years confinement in TDCJ-CID, to run concurrently with the murder sentence.  (*Id.*, pages 8-9).  On April 8, 2009, the State filed a response to the habeas application, in which it indicated that the sentence in the primary conviction for assault had been corrected to reflect the parties' true intent and that petitioner had waived his rights as part of the plea bargain; the State asserted that the claim was moot and that petitioner's habeas application should be dismissed.  (Docket Entry 9-4, page 18).  On May 6, 2009, in an unpublished opinion, the Texas Court of Criminal Appeals noted that the state district court had corrected the error by entering a judgment *nunc pro tunc* reflecting petitioner's sentence as twenty-five years' imprisonment.  (Docket Entry No.9-6, page 10).   The Texas Court of Criminal Appeals ordered the officials at TDCJ-CID to correct petitioner's records to show that he received a twenty-five year sentence in cause number 619235 from the 179th Criminal District Court of Harris County.  (*Id.*).

3

On March 30, 2009, ten days after he filed the state habeas application in cause number 619235, petitioner filed state habeas application number WR-71,897-02, from his murder conviction in cause number 619379.  In this new application, petitioner raised the same concerns regarding the waiver of his appeal, the state district court's failure to honor the plea agreement, the defective indictment, actual innocence and ineffective assistance of counsel. (Docket Entry No.9, page 13).  In its response filed on April 8, 2009, the State reported that petitioner had alleged that the state district court did not honor the plea agreement in the companion case for aggravated assault and that the error had been found and corrected in a judgment *nunc pro tunc* in cause number 619235.  (Docket Entry No.9-1, page 7).  On April 13, 2009, the state district court, sitting as a habeas court, recommended that petitioner's habeas action be dismissed because his sole ground for relief had become moot.  (*Id.*, pages 19-20).  In his Response and Objection to the Findings of Fact and Order of the Trial Court, filed on April 29, 2009, petitioner appears to complain that the state district court breached the plea agreements in both the assault and murder convictions.  (Docket Entry No.9-2, page 17).  On May 6, 2009, the same day that it entered the unpublished opinion in Application No. WR-71,897-01, the Texas Court of Criminal Appeals dismissed Application No. WR-71,897-02 as moot.  (Docket Entry No.9, page 3).

In the pending federal habeas action filed on November 2, 2009, petitioner complains that the Texas courts did not address all of the issues he raised in his state habeas applications.  (Docket Entry No.1).  He seeks federal habeas relief on the following grounds:

1.   His pleas to the murder and assault charges was involuntary because he suffered from a mental impairment at the time he entered such pleas;

2.   He is unlawfully imprisoned because the state district court

4

breached his negotiated plea agreement in both cause numbers by sentencing him to forty years confinement in each cause; thereby,

    a.    making his guilty pleas and related waivers involuntary;

    b.    rendering his convictions and sentences void; and,

    c.    depriving him of his right to appeal;

3.    The State denied him due process by

    a.    failing to return him to the state district court for re-sentencing in cause number 619235, and,

    b.    dismissing his claims in his state habeas application related to his murder conviction in cause number 619379 as moot; and,

4.    He was deprived of the effective assistance of counsel at trial.

(*Id.*).

Respondent moves for summary judgment on grounds that some of petitioner's claims are time-barred, some are unexhausted and procedurally barred, and alternatively that petitioner has failed to meet his burden of proof under 28 U.S.C. § 2254(d)(1).  (Docket Entry No.13).  In response, petitioner contends that he entered into a plea bargain agreement for a sentence of twenty-five years in both cause numbers and that he is functionally illiterate in that he cannot read or write.  (Docket Entry No.14).

## II. STANDARD OF REVIEW

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of

5

the record demonstrating the absence of a genuine issue for trial.  *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).  The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant.  *United States v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

A. Time-Barred Claims

Respondent maintains that petitioner's claims that he was denied the effective assistance of counsel and that he is unlawfully imprisoned because the State breached his plea bargain agreement by sentencing him to forty years confinement in cause number 619235 are time-barred and should be dismissed with prejudice.  (Docket Entry No.13).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law on April 24, 1996.  Title 28 U.S.C. § 2244(d) (1) of the AEDPA provides that a one-year statute of limitations for state prisoners' habeas cases shall run from the latest of the following four possible situations:

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

6

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In this case, petitioner's challenge to the effectiveness of his trial counsel in ground four and the alleged breach of the plea agreement in ground two fall under § 2244(d)(1)(A), when the judgment in each conviction became final by the conclusion of direct review or the expiration of the time for seeking such review.  The same is true of his claim in ground one that his pleas were involuntary because he suffered a mental impairment.  Indeed, the circumstances surrounding his guilty pleas, the judgment imposed in both causes, and his counsel's actions or inactions should have been known to petitioner once his conviction was final.  Under a liberal reading of the AEDPA, the statute of limitations on these claims commenced no later than April 10, 1992, the last day that petitioner could have filed a timely appeal in state court.  Limitations expired a year later, *i.e.*, on or about April 10, 1993.

The Fifth Circuit has noted that "habeas petitioners must be afforded a reasonable time after AEDPA's effective date for the filing of petitions for collateral relief based upon claims that would otherwise be time-barred before AEDPA's April 24, 1996 effective date." *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998).  The Court concluded that claims that "would otherwise be time-barred prior to the April 24, 1996 effective date of AEDPA, now have one year after the April 24, 1996 effective date of AEDPA in which to file a § 2254 petition for collateral relief."  *Id.*  Therefore, petitions filed on or before April 24, 1997, are timely.  *Id.* at 202.  Accordingly, the present petition was due no later than April 24, 1997, absent tolling provisions.

Under the AEDPA, the limitations period is tolled during the pendency of a state

application for writ of habeas corpus.  28 U.S.C. § 2244(d)(2).  In March 2009, petitioner filed two state habeas applications after the AEDPA limitations period expired; therefore, neither state application tolled the limitations period.

Petitioner presents no other basis for statutory tolling and the record does not disclose any.  Petitioner has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner.  See 28 U.S.C. § 2244(d)(1)(B).  Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence.  See 28 U.S.C. § 2244(d)(1)(C), (D).  Accordingly, the aforementioned claims in the present petition filed in late October or early November 2009, are time-barred.

Although petitioner claims to be a mentally impaired, functionally illiterate, indigent, without the assistance of counsel or a person trained in the law, he has not shown that any principles of equitable tolling save his claims.  Equitable tolling is an extraordinary remedy that is only sparingly applied.  *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95 (1990).  The Fifth Circuit has held that the statute of limitations found in the AEDPA may be equitably tolled at the district court's discretion where "exceptional circumstances" are present.  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).  In that respect, the Fifth Circuit has limited the doctrine of equitable tolling to apply "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001).

Mental incompetency or impairment may warrant equitable tolling in some cases.  *Compare Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999); *Roberts v. Cockrell*, 319 F.3d

8

690, 695 (5th Cir. 2003).   Petitioner, however, does not disclose the nature of his mental impairment and does not allege facts showing that mental illness or disability prevented him from pursuing habeas corpus relief in federal court in a timely manner or prevented him from managing his affairs, understanding his legal rights, and acting upon such rights before the expiration of the limitations period.   Absent a showing that petitioner was prevented from filing a federal petition in a timely manner due to mental incapacity or incompetency during the relevant time period, he is not entitled to equitable tolling.   *See Roberts*, 319 F.3d at 695; *see also Lawrence v. Florida*, 549 U.S. 327, 337 (2007) (finding that the petitioner made "no factual showing of mental incapacity" and, therefore, fell far short of establishing the "'extraordinary circumstances' necessary to support equitable tolling").

None of petitioner's other allegations demonstrate an exceptional circumstance that meets the criteria for equitable tolling.   Petitioner's *pro se* status does not excuse an untimely federal habeas corpus petition.   *See Lookingbill v. Cockrell,* 293 F.3d 256, 264 n. 13 (5th Cir. 2002); *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (holding that *pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ).   Petitioner's incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling.   *See Fisher*, 174 F.3d at 714; *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling).   Petitioner's circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided.   *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000). Accordingly, petitioner has not established that he is entitled to equitable tolling and, therefore, all of petitioner's claims, except his due process claims, are subject to dismissal as time-barred.

B. Unexhausted Claims

Respondent also contends that petitioner did not exhaust the due process claims or claims that the State did not contest his mental impairment or plea in the state habeas proceedings. (Docket Entry No.13, pages 14-15). Respondent further contends that these claims are procedurally barred from federal habeas corpus review because the state court would find them barred under the Texas abuse of the writ doctrine. (*Id.*, page 16-17).

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity.[3] *Coleman v. Thompson*, 501 U.S. 722 (1991). A claim is exhausted when a habeas petitioner provides the highest state court with a "'fair opportunity to pass upon the claim,' which in turn requires that the applicant 'present his claims before the state

---

[3] Such statutes provide in pertinent part as follows:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

(A)   the applicant has exhausted the remedies available in the courts of the State; or

(B)(i)   there is an absence of available State corrective process; or

(ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.

\*   \*   \*   \*   \*

(c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (b) – (c). Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court. *See Castille v. Peoples*, 489 U.S. 346 (1989); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999).

courts in a procedurally proper manner according to the rules of the state courts.'" *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (quoting *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)).  The substance of a federal claim is deemed "fairly presented" in state court for purposes of the exhaustion doctrine only if the petitioner relies upon identical facts and legal theories in both of the state court proceeding and the action for federal habeas relief.  *Picard v. Connor*, 404 U.S. 270, 275-75 (1971); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

Ordinarily, a federal habeas petition that contains unexhausted claims is dismissed, allowing the petitioner to return to the state forum to present his unexhausted claims. *Rose v. Lundy*, 455 U.S. 509 (1982).  Respondent, however, contends such a result in this case would be futile because petitioner's unexhausted claims would be procedurally barred as an abuse of the writ under Texas law.[4]  (Docket Entry No.13).  On habeas review, a federal court may not consider a state inmate's claim if the state court based its rejection of that claim on an independent and adequate state ground.  *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996).  A procedural bar for federal habeas review also occurs if the court, to which a petitioner must present his claims to satisfy the exhaustion requirement, would now find the unexhausted claims

---

[4] Texas prohibits successive writs challenging the same conviction except in narrow circumstances.  TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a) (Vernon 2005).  The Texas Court of Criminal Appeals will not consider the merits or grant relief on a subsequent habeas application unless the application contains sufficient specific facts establishing the following:

> (1)     the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or

> (2)     by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

*Id.*  The Texas Court of Criminal Appeals applies its abuse of the writ doctrine regularly and strictly.  *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (per curiam).

11

procedurally barred.  *Coleman,* 501 U.S. at 735 n.1.

The Court, however, need not determine whether such claims are barred by the State's abuse of the writ doctrine or procedurally barred in federal court.  In this case, the Court finds that petitioner's due process claim is without merit and his other claims are not actionable in federal court.  *See Miller v. Dretke*, 431 F.3d 241, 245 (5th Cir. 2005) (noting that a federal habeas court may deny but not grant a non-exhausted claim on the merits).

Petitioner complains that the state habeas courts did not address all of his claims in either state habeas application.  (Docket Entry No.1).  He specifically contends that the State denied him "of his right to due process by failing to return him to court for resentencing in No.619235, then dismissing the claims in 619379 as moot based on the granting of partial relief in No.619235."  (*Id*., page 9).

The Texas Court of Criminal Appeals found, and the record shows, that the forty-year sentence in cause 619235 was a clerical error and that the state district court corrected such error *nunc pro tunc* to reflect a twenty-five year sentence pursuant to the plea agreement.  (Docket Entry No.9-6, page 10). "Under Texas law, a *nunc pro tunc* judgment simply corrects the written record to show the true judgment of the court.  *Alvarez v. State*, 605 S.W.2d 615 (Tex. Crim. App. 1980); *Smith v. State*, 15 S.W.3d 294, 299 (Tex. App.—Dallas 2000, no pet.) (noting that trial court retains authority to enter a judgment *nunc pro tunc* to correct clerical errors in the judgment after the expiration of its plenary jurisdiction).  Petitioner presents nothing to overcome the state habeas courts' finding.

Petitioner also fails to show that he was denied due process by the state district court's failure to hold a re-sentencing hearing.  Due process requires that before any unfavorable *nunc pro tunc* order is entered, the person convicted should be given an opportunity to be present

for the hearing and represented by counsel.  *Shaw v. State*, 539 S.W.2d 887, 890 (Tex. Crim. App. 1976).  In this case, the *nunc pro tunc* order was not unfavorable to petitioner; therefore, he cannot show that he was deprived of due process for want of a re-sentencing hearing.  *Cf. Homan v. Hughes*, 708 S.W.2d 449, 454-55 (Tex. Crim. App. 1986) (sending appeal back to trial court for a hearing would be a useless task if trial court properly changed order); *Lancaster v. State*, 324 S.W.3d 217, 228 (Tex. App.—Waco 2010, pet. ref'd).

Petitioner's complaints that the state habeas courts failed to address all of his claims[5] and inappropriately dismissed Application Number WR-71,897-02 as moot because of the partial relief afforded in Application Number WR-71,897-01, are not actionable in federal court.  Complaints about alleged constitutional violations occurring during the course of state habeas corpus proceedings do not give rise to a legal basis for federal habeas corpus relief.  *See Brown v. Dretke*, 419 F.3d 365, 378 (5th Cir. 2005) (holding that alleged infirmities in state habeas proceedings are not grounds for federal habeas relief); *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004) (finding that "[i]t is axiomatic that infirmities in state habeas proceedings do not constitute grounds for federal habeas relief.  This is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself") (internal quotations omitted).  Accordingly, petitioner's habeas challenge to the state court's dismissal of state habeas application No.WR-71,897-02 and his complaint that the state habeas courts did not address all of the grounds alleged in either habeas application are subject to dismissal for failure to state a cognizable ground for federal habeas relief.

---

[5] Such claims also include petitioner's purported complaint that the State did not contest during state habeas proceedings his assertions that (1) he suffered from a mental impairment at the time he entered a guilty plea, (2) his due process rights were violated, and (3) his guilty plea was involuntary.  (Docket Entry No.13, page 5 n.3).

## III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that reasonable jurists could not debate the denial of petitioner's habeas action on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Therefore, a certificate of appealability from this decision will not issue.

## IV. CONCLUSION

Based on the foregoing, the Court ORDERS the following:

14

1.      Respondent's Motion for Summary Judgment (Docket Entry No.13) is GRANTED.

2.      The pending habeas action is DISMISSED WITH PREJUDICE.

3.      A certificate of appealability is DENIED.

4.      All motions not previously ruled on are hereby DENIED.

The Clerk will provide a copy to the parties.

SIGNED at Houston, Texas, this 1st day of March, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

15